UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEANIA MORGAN,

                             PLAINTIFF,      **AMENDED COMPLAINT**

                                                      **17-CV-4146**

                  -AGAINST-

POLICE OFFICER DANIEL NUNEZ, and POLICE
OFFICER BRIANA SURKO individually, and in their
capacity as members of the New York City Police
Department,

                             DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff, Ms. Jeania Morgan ("Ms. Morgan"), seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident that occurred on or about May 3, 2017, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Morgan to *inter alia* unreasonable search.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in thatthe events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Ms. Morgan is a United States citizen and at all times here relevant resided at 54 Irving Place, Staten Island, New York 10304.

7. Police Officer Daniel Nunez ("PO Nunez") and Police Officer Briana Surko ("PO Surko") at all times here relevant were members of the New York City Police Department, and are sued in their individual and professional capacities.

8. At all times mentioned, Defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

9. At the time of the incident herein, Ms. Morgan was 26-years old.

10. Ms. Morgan works for Twenty First Century Real Estate.

11. On or about May 3, 2017, at approximately 1:00 am, Ms. Morgan was out for a drive with her cousin Joshua and her friend Bianca.

12. Joshua was driving the vehicle and Ms. Morgan was sitting in the passenger seat.

13. The vehicle was parked outside of Joshua's home on Richmond Terrace, Staten Island.

14. An unmarked police car pulled up behind the vehicle.

15. The lights in the police car were turned on and several plain-clothed police officers stepped out of the car, including PO Nunez and PO Surko.

16. One of the officers approached the driver's window of the vehicle and took Joshua's license.

17. Ms. Morgan asked PO Nunez why they were being pulled over.

18. PO Nunez swore at Ms. Morgan and told her to shut up.

19. PO Nunez then told Ms. Morgan that she was talking too much, and told Ms. Morgan to get out of the car.

20. Ms. Morgan stepped out of the car.

21. PO Nunez began to search Ms. Morgan by placing his left hand inside of the right pocket of Ms. Morgan's track pants.

22. PO Nunez also patted Ms. Morgan's left pocket with his right hand.

23. Without warning, PO Nunez then grabbed under Ms. Morgan's crotch and groped her vagina with his right hand.

24. PO Nunez smirked as he groped Ms. Morgan's vagina.

25. PO Surko was standing beside PO Nunez, but did nothing to stop PO Nunez as he groped Ms. Morgan's vagina.

26. Ms. Morgan immediately yelled at PO Nunez to stop groping her vagina.

27. Ms. Morgan was extremely upset and began to cry.

28. Ms. Morgan asked PO Surko why she had stood by and done nothing to stop PO Nunez from groping her.

29. PO Surko denied seeing PO Nunez grope Ms. Morgan.

30. Several other officers arrived on the scene and searched the vehicle.

31. Joshua was given a ticket by one of the police officers.

32. All of the police officers then left the scene.

33. Ms. Morgan was extremely upset and went to the 121st Precinct to file a complaint.

34. Ms. Morgan continues to feel traumatized by the events of May 3, 2017, and is wary and fearful when she sees NYPD officers. Ms. Morgan takes efforts to avoid police officers when in public.

35. Ms. Morgan has suffered a great deal following the incident and feels fear, anxiety, emotional distress, frustration, embarrassment, and humiliation.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Unreasonable Search and Seizure)

36. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

37. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

38. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was subjected to an unreasonable search, in that PO Nunez groped Plaintiff's vagina.

39. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(Failure to Intervene)

40. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

41. Defendant PO Nunez violated Plaintiff's constitutional rights by subjecting Plaintiff to an unreasonable search.

42. Defendant PO Surko knew, or should have known, that PO Nunez was subjecting Plaintiff to an unreasonable search.

43. Defendant PO Surko failed to intervene to prevent PO Nunez from subjecting Plaintiff to an unreasonable search.

44. Defendant PO Surko had sufficient time to intercede and had the capability to prevent PO Nunez from subjecting Plaintiff to an unreasonable search and violating Plaintiff's Fourth Amendment rights.

45. Plaintiffs have been damaged a result of Defendant PO Surko's actions in an amount believed to equal or exceed the jurisdictional limit of this court

## JURY DEMAND

46. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against Defendants together with costs and disbursements as follows:

In favor of Plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional limit of this Court for Plaintiff's causes of action;

Awarding Plaintiff punitive damages in an amount to be determined by a jury;

Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 11, 2017

By:       /s/
Malcolm Anderson
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075